# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GEORGIA VIGIL,

        Plaintiff,

vs.                                        Case No. 1:20-cv-00883

WALGREEN COMPANY, AND
WALGREENS BOOTS ALLIANCE, INCORPORATED.

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. ("Walgreens" or "Defendants"), by and through counsel, the Modrall Sperling law firm (Alex C. Walker and Haley B. Adams), hereby remove the above-captioned case from the Second Judicial District Court for the State of New Mexico, County of Bernalillo, to the United States District Court for the District of New Mexico. In support thereof, Defendants state as follows:

### PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

1. On June 24, 2020, Plaintiff commenced this action against Defendants by filing a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, assigned case number D-202-CV-2020-03745. On or about July 8, 2020, the Complaint was served on Defendants.

2. Pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ. 81.1(a), a copy of all process and pleadings served on Walgreens, together with the Service of Process Transmittals from Corporation Service Company, in this action is attached hereto as **Exhibit A**.

3. Defendants filed an Answer to Plaintiff's Complaint on August 7, 2020.

4. On August 10, 2020, Defendants submitted to Plaintiff a request to sign a binding stipulation that the total relief sought by Plaintiff against Defendants, inclusive of all available damages and fees, but exclusive of interests and costs, does not exceed $75,000. A copy of the request for a binding stipulation is attached hereto as **Exhibit B.**

5. On August 20, 2020, Defendants received Plaintiff's response refusing to sign the binding stipulation. A copy of Plaintiff's response is attached hereto as **Exhibit C.**

6. Removal is proper if the Notice of Removal is filed within thirty days after receipt by defendant of "other paper" from which it may first be ascertained that that the case is one that is removable. *See* 28 U.S.C. § 1446(b)(3). In order for the thirty-day period to be triggered, the Tenth Circuit requires "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *See Lackey v. Homesite Ins. Co.*, No. 12-902 LH/RHS, 2012 WL 12905617, at *7 (D.N.M. Dec. 14, 2012) (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). "Thus, even if a defendant might 'reasonably conclude' from the facts available that the amount in controversy could exceed $75,000, the period for removal is not triggered absent clear and unequivocal notice of the right to removal." *Id.* (quoting *Akin*, 156 F.3d at 1036).

7. This Notice of Removal is timely because it was filed within thirty days after receipt of Plaintiff's August 20, 2020 response refusing to sign the binding stipulation, the point at which Defendant received "clear and unequivocal notice" from an "other paper" that Plaintiff was seeking damages in excess of $75,000. *See Lackey*, 2012 WL 12905617, at *7. ("[T]he thirty-day period for removal does not begin to run in the face of an ambiguous amount in controversy in the initial pleading . . . the Court agrees with Defendant that the first 'paper' making it clearly and unequivocally aware that the matter was removable was Plaintiff's July 25, 2012 Response to

Defendant's Request for Admission, where he refused to stipulate or reaffirm his previous assertion that he was seeking no more than $75,000.").

8.    No previous application has been made for the relief requested herein.

9.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Second Judicial District Court, County of Bernalillo, State of New Mexico.

### REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 & 1441

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the action is between citizens of different states.

**A.    There Is Complete Diversity of Citizenship**

11.   Complete diversity exists between the relevant parties to this action. As alleged in the Complaint, Plaintiff is currently, and was at all times material to the Complaint, a resident of Bernalillo County. *See* Complaint (Exhibit A), ¶ 1.  Upon information and belief, Plaintiff is, and was at the time of filing the Complaint, a citizen of the State of New Mexico.

12.   Defendant Walgreen Co. is a foreign corporation, organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  It is not a citizen of New Mexico.  *See* Complaint (Exhibit A), ¶ 2.

13.   Defendant Walgreens Boots Alliance, Inc. is a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Illinois.  It is not a citizen of New Mexico.

14.   Because Plaintiff is a citizen of New Mexico and Defendants are not citizens of New Mexico, complete diversity exists between the relevant parties to this action.

15. Because the amount in controversy requirement is met, as shown below, and because, as shown above, there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

16. Consent of "all defendants who have been properly joined and served" is required to properly effectuate removal. 28 U.S.C. § 1446(b)(2)(A). Having filed this Notice of Removal, Defendants necessarily consent to removal.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

    **B.**    **The Amount in Controversy Requirement is Satisfied**

18. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

19. Plaintiff's Complaint does not allege damages in a specific amount, which is consistent with New Mexico procedure.[1] Thus, the Complaint does not allege that the amount in controversy exceeds $75,000.[2]

20. "[T]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "If the complaint does not resolve the issue, defendant must affirmatively establish the requisite amount 'on the face of either the petition or the removal notice.'" *Kercher v. Sanofi Aventis US, LLC*, No. 1:09-cv-248

---

[1] Rule 1-008(A)(3) NMRA provides, "Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."

[2] In connection with the amount in controversy, in the state Court Plaintiff filed a Court-Annexed Arbitration Certificate certifying that the amount in controversy exceeds $25,000, exclusive of punitive damages, interest, costs and attorney's fees, and that her case is not subject to mandatory arbitration. *See* Certificate (Exhibit A).

PJK/ACT, 2009 WL 10699115, at *1 (D.N.M. 2009) (citing *Martin*, 251 F.3d at 1290). "In doing so, the defendant must prove contested jurisdictional facts by a preponderance of the evidence." *Id.* (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 953-54 (10th Cir. 2008)).

21. "[I]n the absence of an explicit demand for more than $75,000 . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*

22. If the defendant meets its initial burden to establish, by a preponderance of the evidence, "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play," then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* at 954-55 (citing *Meridian Security Ins. Co.*, 441 F.3d at 540-43). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

23. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014); *Sleep v. Schwan's Co.*, No. CV 19-137 GJF/JHR, 2019 WL 2124468, at *3 (D.N.M. May 15, 2019).

24. At the outset, Plaintiff's refusal to stipulate that she is not seeking damages in excess of $75,000 weighs in favor of a finding that removal jurisdiction is proper. *See Aranda v. Foamex Intern.*, 884 F. Supp. 2d 1186, 1207 (D.N.M. 2012) ("Aranda has refused to stipulate that his damages are equal to or less than $75,000.00, which is not unlike the plaintiff's admission that her actual damages 'may very well be' greater than $75,000.00. *McPhail v. Deere & Co.*, 529 F.3d

5

at 956-57 . . . The Court believes that that this refusal to stipulate is relevant evidence; otherwise, it encourages plaintiff's to play games with the Court and with the defendant."); *see also Kercher*, 2009 WL 10699115, at *2 ("To be sure, many cases have treated evidence of a refusal to stipulate as a relevant factor along with other factors in deciding whether removal jurisdiction is proper.") (citing *McPhail,* 529 F.3d at 956-57 (finding that a defendant met its burden of demonstrating by a preponderance of the evidence that plaintiff's claim exceeded $75,000, relying upon the specific statutory damages available to plaintiff and the fact that plaintiff refused to stipulate any amount above $10,000); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511-12 (7th Cir. 2006) (removing case after noting that Plaintiff did not allege a particular damage amount in her complaint and only stated that she disclaimed damages in excess of $75,000 which the court did not find as binding); *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001) (noting that a plaintiff's prior admission to a particular amount in controversy or refusal to stipulate to a particular amount are relevant facts when the complaint is silent on a damages amount)).

25. Further, Plaintiff in this case alleges various damages, including that "Plaintiff has been threatened with numerous lawsuits for the cars that she ran into and claims by her insurance company they will cease insuring her." Complaint (Exhibit A), ¶ 11.

26. Plaintiff also allegedly received injuries from the incident including injuries to her back, bilateral neck, both thumbs and head. Complaint (Exhibit A), ¶ 14. Plaintiff claims to have been "continuously treated for these injuries and other indignities she has suffered," including being seen as a patient of the New Mexico Orthopedics physicians and being prescribed physical and occupational therapy for her injuries. Complaint (Exhibit A), ¶¶ 15-16.

27. Plaintiff allegedly continues to have difficulty with memory loss and continued aggravation of her prior back disability. Complaint (Exhibit A), ¶ 16.

28. Plaintiff provides that these conditions have existed for more than six months following the incident and have become "chronic conditions that will, in all probability, will [*sic*] never go away." Complaint (Exhibit A), ¶ 17.

29. Plaintiff further provides that in addition to the damages noted above, she has medical bills in excess of $6,000 and other damages, including pain and suffering. Complaint (Exhibit A), ¶ 18.

30. Plaintiff seeks at least $6,000 in medical expenses alone. Complaint (Exhibit A), ¶ 18. As this Court previously held, "It is common in personal injury to settle on the basis of three times the medical expenses." *Aranda*, 884 F. Supp. 2d at 1207. Using that multiplier, a conservative settlement figure for Plaintiff's medical expenses, not including other compensatory damages, would equal at least $18,000. *See Rael v. GEICO Gen. Ins. Co.*, No. 17-338 SCY/LF, 2017 WL 3051953, *3 (D.N.M. June 27, 2017) ("Of course, rather than blindly being applied, this formula must give way to the particular facts of a case. Take a plaintiff, for instance, who, as a precautionary measure, receives a CT scan, an MRI and numerous other expensive medical procedures after an automobile accident that results in a total medical bill of $35,000. If that plaintiff incurs no actual injury, his case will not be worth anything close to $105,000. Conversely, a young plaintiff who expends only $5,000 to learn that he sustained a severe and untreated herniated disk in a car accident will have a claim worth more than $75,000.").

31. In this case, Plaintiff alleges that she has been continuously treated for her injuries, seen as a patient by the New Mexico Orthopedics physicians, is being prescribed physical and occupational therapy for her injuries, has had difficulty with memory loss and aggravation of her back disability for more than six months following the incident and will deal with these injuries chronically. Complaint (Exhibit A), ¶¶ 15-17. Applying this formula to the facts alleged in

Plaintiff's Complaint suggests Plaintiff's claimed damages for her injuries alone satisfy the jurisdictional threshold.

32. Plaintiff also intends to recover those damages associated with the threats of litigation and the loss of an insurance policy. *See* Complaint (Exhibit A), ¶ 11.

33. In *Slover v. Equitable Variable Life Insurance Company*, a defendant's notice of removal recited that Plaintiff's damages include the loss of the policy of insurance, with a face value of $100,000. 443 F. Supp. 2d 1272, 1277 (N.D. Okla. 2006). The court reasoned, "[m]any courts have held that the face value of the policy is the measure of the amount in controversy" and held that the face value of the policy, taken alone, satisfies the jurisdictional amount. *Id.* (citing *McCord v. Minn. Mut. Life Ins. Co.*, 346 F.3d 880, 834-35 (8th Cir. 2003) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp, 450, 503 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) ("Where plaintiffs seek equitable relief pertaining to the enforcement of insurance policies, the face value of the policy is the measure of the amount in controversy."), and *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (noting that the face value of life insurance policies constitute the amount in controversy)); and *Mass Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (following the "unanimous federal rule" that the face value of the policy must be considered in determining whether the jurisdictional amount has been satisfied.)).

34. Further, the insurer's obligation to defend the insured has a value to the insured and a cost to the insurer, which is to be taken into consideration in determining the existence of an amount in controversy to satisfy a jurisdictional requirement. *See Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383, 384-385 (D. Kan. 1995) ("However, when an insurance policy is for $50,000, and the jurisdictional requirement is an amount in excess of $50,000, the insurer's obligation to defend has a value to the insured and a cost to the insurer which is to be taken into

consideration in determining the existence of the jurisdictional amount. *See* 14A Wright, Miller and Cooper, *Federal Practice and Procedure 2d,* § 3702 at 52; [*Stonewall Ins. Co. v.*] *Lopez,* 544 F.2d [198, 199 (5th Cir. 1976)]. Therefore, in this case, taking into consideration the $50,000 policy and the value or cost of the obligation to defend, the jurisdictional amount will be deemed satisfied.").

35. Accordingly, based on Plaintiff's allegations of past and future injury and damages, and recovery of those damages associated with the threats of litigation and the loss of an insurance policy, it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.

36. The availability of attorney's fees may also be considered in determining whether the amount in controversy is met. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998) (denying remand of removed action based on availability of attorney's fees); *see also Jamison v. State Farm Gen. Ins. Co.*, No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," citing *In re Abbott Lab.*, 51 F.3d 524 (5th Cir. 1995)); *Travelers Indemnity Co. v. Sotheby's Holding, Inc.*, Civ. No. 02-691 LFG/DJS Mem. Op. & Order Denying Plaintiffs' Motion for Remand, at 3 (D.N.M. Oct. 25, 2002) (finding jurisdictional amount established, in part, by claim for attorney's fees).

37. A reasonable estimate of attorney's fees is twenty-five to thirty percent of the requested damages. *See Dandy v. Wilmington Fin., Inc.*, No. 08-1027 JCH/GBW, 2010 WL 11493721, *4 (D.N.M. May 3, 2010). While Plaintiff has not expressly stated her requested damages, consistent with Rule 1-008(A)(3) NMRA, Plaintiff's Arbitration Certificate certifies that

the amount in controversy exceeds $25,000, exclusive of punitive damages, interest, costs and attorney's fees. *See* Certificate (Exhibit A). Conservatively valuing Plaintiff's insurance policy at $50,000, and her other compensatory damages at $18,000 with the multiple of three formula set forth above ($6,000 times three), totaling damages at $68,000, Plaintiff's attorney's fees would be $17,000 at twenty-five percent and $20,400 at thirty-percent of the requested damages. Thus, based on these conservative estimates, the amount in controversy is between $85,000 ($68,000 damages and $17,000 in attorney's fees) and $88,400 ($68,000 in damages and $20,400 in attorney's fees). These conservative estimates demonstrate it is entirely plausible that the amount in controversy exceeds the jurisdictional threshold.

38. Therefore, based on Plaintiff's refusal to stipulate to damages less than $75,000 and Plaintiff's allegations, and without in any manner passing on the merits of Plaintiff's claims and only taking into account the kinds of damages Plaintiff seeks, Walgreens has demonstrated by the preponderance of the evidence that at least $75,000 is in controversy in the case, and thus the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## **NOTICES**

39. A copy of this notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico in accordance with 28 U.S.C. § 1446(d).

40. Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New Mexico, legible copies of all records and proceedings from the state court action within twenty-eight days after filing this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendants respectfully remove this action from the Second Judicial District Court, County of Bernalillo, New Mexico to the United States District Court for the District of New Mexico.

                                              MODRALL, SPERLING, ROEHL, HARRIS
                                                  & SISK, P.A.

By: */s/ Alex Walker*
    Alex C. Walker
    Haley B. Adams
    Post Office Box 2168
    Albuquerque, New Mexico 87103-2168
    Telephone: 505.848.1800
    awalker@modrall.com
    hadams@modrall.com
    *Attorneys for Walgreen Co. and Walgreens Boots Alliance, Inc.*

WE HEREBY CERTIFY that on the 31st day of August, 2020, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

    Stephen F. Lawless
    STEPHEN F. LAWLESS, PA
    201 Third Street NW, Suite #505
    Albuquerque, NM 87102
    stephenflawless@gmail.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Alex Walker*
    Alex C. Walker

*W3818012.DOCX*